### SADALLAH et al. v. MANDOUR et al.

(Supreme Court, Appellate Term. June 22, 1905.)

SALES—FRAUDULENT REPRESENTATIONS—EVIDENCE.

A sale alleged to have been induced by fraudulent representation contained in a letter, which, after reciting that defendant had opened a store, and had as partner his cousin, stated that they had bought from the sheriff a place and wanted to start a business with the goods, was not established where it appeared that defendant and his partner had not actually purchased the store, but a cousin had bought the store at sheriff's sale, and had informed defendant that he had bought it for him, and had actually installed him therein, and that before the letter was written one of the plaintiffs informed defendant he could have all the goods he wanted.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Antonio J. Sadallah and another against Tanius Mandour and another. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Ullo & Ruebsamen, for appellants.

Benjamin Patterson, for respondents.

PER CURIAM. We are not satisfied that the plaintiff established a case of a sale induced by fraudulent representations. The statement made by defendant which is alleged to have been false and fraudulent was contained in a postscript to a letter, and read as follows, after stating that appellant had opened a store and has as partner his cousin: "I have forgotten to tell you that we have bought from the sheriff a place, the value of the goods is about $1,500, and we want to start business with the goods." The appellant was a Syrian, but recently arrived in this country, and unacquainted with the English language. He and his partner had not actually bought the store referred to, but the uncontradicted evidence is that a cousin, one Joseph Mandour, had bought the store at a sheriff's sale, and had informed appellant that he had bought it

for him, and that he could pay for it out of his sales, and had actually installed defendant in the store. We must assume this evidence to be true, because the learned justice cut off corroborative testimony by the declaration that, even if true, this state of facts constituted no defense. With this view we find ourselves unable to agree. The gravamen of the charge against appellant was that he committed an intentional fraud—that he knowingly made a false statement with the intent to deceive. Upon the facts as testified to by the defendant his intentional fraud and misrepresentation do not seem to be established, since the actual fact so closely resembles the representation that defendant may well have believed that he stated the truth. Indeed, if what he says is true, it is by no means clear that he had not become the owner of the store and stock by purchase from his cousin. Furthermore, it is not at all clear that plaintiffs relied upon the representation in selling the goods, for there is uncontradicted testimony that before defendant wrote the letter, and when he was merely contemplating opening a store, one of the plaintiffs (who was a witness, and present at the trial) told defendant that he could have all the goods he wanted. Upon the whole case we do not think that the allegation of fraud was proven, and for that reason the judgment must be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.